UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 OCT 11  A 8: 31

**Preston E. Gattis**, # 99457-071,  ) C/A No. 2:06-2767-SB-RSC
aka Preston Gattis, Jr.,  )
  )
  )
  )
                              Plaintiff,  )
  )
vs.  ) **Report and Recommendation**
  )
**Cherly Fuller**; and  )
**Aimee Ward**,  )
  )
  )
  )
                           Defendants.  )

# *Background of this Case*

The plaintiff is a federal prisoner at FCI-Williamsburg. He has brought suit pursuant to 42 U.S.C. § 1983 against two employees of Berkeley County, South Carolina. The plaintiff indicates that both defendants work at the Berkeley County Office Building at 1003 Highway 52 in Moncks Corner, South Carolina. According to the plaintiff, on February 18, 2002, Detective-Sergeant Mike Files went to the Berkeley County Office Building to request information about 130 Deep Creek Trail in Cross, South Carolina. The plaintiff alleges or

1

contends that: *(1)* the two defendants wrongfully provided address and property information to Detective-Sergeant Files; and *(2)* a search warrant or the plaintiff's consent was required. The plaintiff seeks "actual" damages from the defendants for their violation of his Fourth Amendment rights.

Documents in the plaintiff's closed criminal case, <u>United States v. Preston Gattis</u>, Criminal No. 2:02-1156-DCN-1, indicate that a search warrant was issued for the property. As a result of the search, the plaintiff was charged with three drug-related offenses involving crack cocaine, use of a firearm during a drug-trafficking crime, and possession of four pistols by a convicted felon. The federal indictments were issued on October 9, 2002. The plaintiff's arraignment was held before the undersigned on February 14, 2003.

A jury trial was held before the Honorable David C. Norton, United States District Judge, on October 14-16, 2003. On October 16, 2003, the jury found the plaintiff guilty on all six counts in the indictment. Sentencing was entered on March 15, 2004. The plaintiff, who was sentenced as an Armed Career Criminal, received concurrent sentences of three hundred sixty (360) months on Counts One, Two, Three, Four, and Six, and a consecutive sentence of sixty (60) months on Count Five, for a total of four hundred twenty

(420) months. The plaintiff's counsel filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit, which was forwarded to the Clerk of this court. On September 26, 2005, the United States Court of Appeals affirmed the petitioner's convictions in United States v. Preston Gattis, Jr., 149 Fed.Appx. 206, 2005 U.S.App. LEXIS® 20893 (4th Cir., September 26, 2005).

The plaintiff has one prior Section 2255 action concerning his convictions in Criminal No. 2:02-1156-DCN-1. See pleadings in Gattis v. United States, Civil Action No. 2:04-0889-DCN, which was dismissed *without prejudice* by Judge Norton on March 31, 2004, because the plaintiff's direct appeal was pending at the time.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (continued...)

3

precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v.

---

(...continued)
(DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since this civil rights action concerns the plaintiff's prior federal criminal case in the United States District Court for the District of South Carolina, the undersigned is treating this case as an action under 42 U.S.C. § 1983 *and* as a Bivens action.  In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such

suits." Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which *cites, inter alia*, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).

A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. See Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and Campbell v. Civil Air Patrol, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts have expanded the Bivens remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

6

Since the plaintiff is complaining about matters pertaining his federal criminal case, this civil rights action is subject to summary dismissal because a right of action has not yet accrued.  See Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted).  See also Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), cert. denied, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v.

7

Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Until the plaintiff's convictions or sentences are set aside, any civil rights action based on the convictions, sentences, and related matters will be barred because of the holding in Heck v. Humphrey, supra. Even so, the limitations period will not begin to run until the cause of action accrues. *See* Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3, 1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following Heck v. Humphrey: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994).

Heck v. Humphrey, supra, is applicable in both Section 1983 actions and Bivens actions. *See* Stephenson v. Reno, 28 F.3d 26, 1994 U.S.App. LEXIS® 21164 (5th Cir.1994); Best v. Kelly, 309 U.S.App.D.C. 51, 39 F.3d 328, 330, 1994 U.S.App. LEXIS® 28423 (D.C.Cir. 1994); Williams v. Hill, 878 F. Supp. 269, 1995 U.S. Dist. LEXIS® 2979 (D.D.C. 1995)("Because

Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his Bivens action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 316 U.S.App.D.C. 78, 74 F.3d 1339, 1996 U.S.App. LEXIS® 1554 (D.C.Cir. 1996); and Zolicoffer v. FBI, 884 F. Supp. 173, 1995 U.S.Dist. LEXIS® 5973 (M.D.Pa. 1995). *See also* Parris v. United States, 45 F.3d 383, 1995 U.S.App. LEXIS® 875 (10th Cir.)(Heck v. Humphrey applicable to suits brought under the Federal Tort Claims Act), *cert. denied*, 514 U.S. 1120, 131 L.Ed.2d 871, 115 S. Ct. 1984, 1995 U.S. LEXIS® 3416 (1995); and Williams v. Hill, supra (Heck v. Humphrey applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials).

As earlier stated, the plaintiff raises Fourth Amendment claims in this civil rights action by contending that a search warrant or the plaintiff's consent was required before the two defendants could provide to Detective-Sergeant Miles information on 130 Deep Creek Trail in Cross, South Carolina. In civil rights actions in which Fourth Amendment issues relate to a conviction or arrest, Heck v. Humphrey is applicable. *See* Ballenger v. Owens, 352 F.3d

842, 845-847, 2003 U.S. App. LEXIS® 25435 (4th Cir. 2003); Booker v. Kelly, 888 F. Supp. 869, 872-876, 1995 U.S. Dist. LEXIS® 6396 (N.D.Ill 1995); and Dawkins v. City of Utica, 1994 U.S.Dist. LEXIS® 17235, *8-*10 & n. 2, 1994 WESTLAW® 675047 (N.D.N.Y., November 28, 1994). In the case at bar, the plaintiff was not injured by the search – except for his indictment, arrest, and convictions. See Jerricks v. Bresnahan, 880 F. Supp. 521, 526, 1995 U.S. Dist. LEXIS® 3272 (N.D.Ill. 1995):

> In this case, the plaintiff has utterly failed to present any evidence which would give this Court or any trier of fact any basis upon which to award damages under Section 1983. The Supreme Court has made it clear in Memphis Community School Dist. v. Stachura, 477 U.S. 299, 91 L. Ed. 2d 249, 106 S. Ct. 2537 (1986) that damages based on the "abstract" value or "importance" of constitutional rights are not a permissible element of compensatory damages in Section 1983 cases. The only damages which the plaintiff can claim as a result of the alleged illegal search are directly related to his underlying criminal conviction. These damages are expressly barred by the Supreme Court's decision in Heck v. Humphrey.

Jerricks v. Bresnahan, 880 F. Supp. at 526.

In other words, since the allegedly illegal "search" obviously caused only one (1) harm – the plaintiff's convictions on drug-related offenses and firearms offenses, the only bases for awarding damages are his convictions. As a result, no cause of action has accrued. Heck v. Humphrey, supra. *See also*

10

Shelton v. Macey, 883 F.Supp. 1047, 1049-1050, 1995 U.S.Dist. LEXIS® 6263 (E.D.Pa. 1995).[3]

# Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *,

---

[3]The plaintiff, in the above-captioned case, is taking a position contrary to the one advanced by the plaintiff and his attorneys in the criminal case and in the direct appeal. The opinion of the United States Court of Appeals for the Fourth Circuit reveals that the plaintiff contended, at both the district court level and appellate court level, that he did not live at 130 Deep Creek Trail:

> These convictions were based upon the evidence located at 130 Deep Creek Trail, Cross, South Carolina. Gattis asserts that he did not live at that address and therefore did not have constructive possession of the guns and drugs recovered during the search.

United States v. Gattis, supra, 149 Fed.Appx. at 207. If the plaintiff did not reside at 130 Deep Creek Trail in February of 2002, the plaintiff does not have standing to challenge Detective-Sergeant Miles' request for information on 130 Deep Creek Trail. See Rakas v. Illinois, 439 U.S. 128, 58 L.Ed.2d 387, 99 S.Ct. 421 (1978); United States v. Xavier V. Padilla, 508 U.S. 77, 81-82, 123 L.Ed.2d 635, 113 S.Ct. 1936, 1993 U.S. LEXIS® xxx (1993)("The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Co-conspirators and codefendants have been accorded no special standing."); and United States v. Stevenson, 396 F.3d 538, 544-547, 2005 U.S.App. LEXIS® 1558 (4th Cir.), cert. denied, Stevenson v. United States, 544 U.S. 1067, 161 L.Ed.2d 1122, 125 S.Ct. 2534, 2005 U.S. LEXIS® 4471 (2005).

11

1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

**I also recommend that this case be deemed to be a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).** *See* 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his or her case in advance after he or she has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. As discussed above under Heck v. Humphrey, supra, a prisoner must show that his or her conviction or sentence has been reversed or vacated before he or she can recover in tort for the unlawful conviction or sentence. Where, as here, the convictions and sentences have not been overturned, the inmate's constitutional tort action under § 1983 must be dismissed. Several courts have held that a dismissal under Heck constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g). See Sandles v.

Randa, 945 F. Supp. 169, 1996 U.S.Dist. LEXIS® 17810 (E.D. Wis. 1996); Sanders v. DeTella, 1997 U.S.Dist. LEXIS® 2838, 1997 WESTLAW® 126866 (N.D.Ill., March 13, 1997)(unpublished); and Grant v. Sotelo, 1998 U.S.Dist. LEXIS® 16798, 1998 WESTLAW® 740826 (N.D.Texas, October 19, 1998)(unpublished).[4] See also Adepegba v. Hammons, 103 F.3d 383, 384, 1996 U.S.App. LEXIS® 33974 (5th Cir. 1996)(noting that district court dismissed a claim as frivolous under Heck and declining to address the propriety of the district court's dismissal because plaintiff had not exhausted his appeal); and cf. Okoro v. Bohman, 164 F.3d 1059, 1061-1064, 1999 U.S.App. LEXIS® 185 (7th Cir. 1999). Thus, the undersigned concludes that this action is frivolous under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a "strike" under this statute. The plaintiff's attention is directed to the Notice on the next page.

                                        Respectfully submitted,

                                        */s/ Robert S. Carr*

October 1*0*, 2006                     Robert S. Carr
Charleston, South Carolina        United States Magistrate Judge

---

[4]In Grant, the court recognized that "the question may be raised whether a cause dismissed pursuant to Heck considerations should be considered for purposes of computing the three strikes..." but followed the decisions of Sandles and Sanders.

13

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
