IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2007 JUL 26 A 11: 42

| | |
|---|---|
| Preston E. Gattis, # 99457-071, ) <br> aka Preston Gattis, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Cheryl Fuller and Aimee Ward, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2:06-2767-SB <br><br> **ORDER** |

This matter is before the Court upon the Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B). The R&R recommends that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. The R&R also recommends that the case be deemed a "strike" for purposes of the "three strikes rule." See 28 U.S.C. § 1915(e)(2) and (g). The Plaintiff filed timely objections to the R&R as well as a motion to amend his complaint. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).

## BACKGROUND

In his § 1983 complaint, filed on October 4, 2006, the Plaintiff claims that the Defendants work at the Berkeley County Office Building at 1003 Highway 52 in Moncks Corner, South Carolina. According to the Plaintiff, on February 18, 2002, Detective Sergeant Mike Files ("Files") went to the Berkeley County Office Building to request information about 130 Deep Creek Trail. The Plaintiff asserts that the Defendants, without

a search warrant or the Plaintiff's consent, provided Files with a letter addressed to the Plaintiff at the address of 130 Deep Creek Trail, in violation of the Privacy Act, 5 U.S.C. § 552a. The Plaintiff claims that Files used this unlawfully obtained information to obtain an unlawful search warrant for 130 Deep Creek Trail. Thus, the Plaintiff seeks an award of $3,000.00, alleging that the Defendants' violated his right to privacy and his Fourth Amendment rights.

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the record, including the R&R, the Plaintiff's objections, and the Plaintiff's motion to amend, the Court adopts the R&R to the extent it is consistent with this Order.

## DISCUSSION

In the R&R, the Magistrate Judge treats the Plaintiff's case as an action under § 1983 and a Bivens action.[1] However, because the named Defendants are not federal officials, the Court finds that Bivens does not apply. Regardless, the Court agrees with the Magistrate Judge's determination that to the extent the Plaintiff raises a Fourth Amendment

---

[1] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States for violations of federal constitutional rights perpetrated by federal officials. Federal officials cannot be sued pursuant to 42 U.S.C. § 1983 because they do not act under color of state law; instead, these officials must be sued under the analogous cause of action provided by Bivens, 403 U.S. 388.

2

claim related to the allegedly unlawful issuance of a search warrant, such claim fails pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), as the Plaintiff's underlying federal conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Stated differently, the only damages the Plaintiff can claim as a result of the allegedly illegal search warrant relate to his underlying criminal conviction, and because the underlying criminal conviction has not been set aside or reversed, no cause of action has accrued. See id. Therefore, the Court agrees with the Magistrate Judge that to the extent the Plaintiff raises a Fourth Amendment claim regarding the allegedly unlawful search warrant, such claim is subject to summary dismissal pursuant to Heck.

In his objections to the R&R, the Plaintiff asserts that the Magistrate Judge misconstrued his complaint to state a cause of action challenging his conviction. The Plaintiff states that his complaint "is not an attack on [his] federal conviction," but instead, his complaint "is solely designed to agrieve [sic] the 'Privacy Act Violation' by two employees who conspired to violate Claimant's right to privacy by unlawfully - without authorization - disseminated [sic] 'protected personal information' to parties outside this office in violation of (1) State Policy, (2) State's Constitution, and (3) Title 5 U.S.C. § 552(a), The Privacy Act." (Obj. at 1-3.) (emphasis in original). The Plaintiff also states that he seeks only injunctive and declaratory relief for a "First Amendment Privacy Act violation," and he withdraws his claim for monetary damages. Lastly, the Plaintiff challenges the Magistrate Judge's recommendation that this suit be deemed a "strike" pursuant to the "three strikes rule." See 28 U.S.C. § 1915(e)(2) and (g).

3

In addition to his objections, the Plaintiff filed a "motion for leave to file supplemental/superseding complaint," wherein the Plaintiff presumably seeks to amend his complaint to bring a separate cause of action under the Privacy Act of 1974, which creates an independent cause of action for the illegal disclosure of private information:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be -- . . . to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought; . . .

5 U.S.C. § 552a(b)(7) (2004). Section 552a(g)(1)(D) of the Privacy Act provides for civil remedies, stating that "whenever any agency . . . fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction . . . ." 5 U.S.C. § 552a(g)(1)(D). Nevertheless, any suit brought under 5 U.S.C. § 552a(g)(1)(D) must be brought "within two years from the date on which the cause of action arises . . . ."[2] 5 U.S.C. § 552a(g)(5).

---



[2] Section 552a(g)(5) reads in full:

An action to enforce any liability created under this section may be brought in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, without regard to the amount in controversy, within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this

Here, the Plaintiff states in his complaint that the alleged violation of the Privacy Act occurred on February 18, 2002; however, the Plaintiff did not file the present complaint until October 4, 2006, more than three-and-a-half years after the cause of action arose. As a result, the Plaintiff's attempt to save his complaint by alleging only a Privacy Act violation fails, as the time for bringing such a claim has expired.[3] Therefore, the Court finds the Plaintiff's objections without merit, and the Court denies the Plaintiff's motion to amend his complaint because the amendment of his complaint would be futile. Lastly, the Court finds that this case should be deemed a "strike" for purposes of the "three strikes rule."

---

section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation. Nothing in this section shall be construed to authorize any civil action by reason of any injury sustained as the result of a disclosure of a record prior to September 27, 1975.

5 U.S.C. § 552a(g)(5). The Court finds that the latter part of this section does not apply to the present case because the Plaintiff's claim does not involve the situation "where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual." Id. However, even if the Court found that the two-year period did not begin to run until the Plaintiff discovered the alleged Privacy Act violation, the Plaintiff's claim still would fail. Undoubtedly, the Plaintiff must have discovered the alleged Privacy Act violation more than two years before filing suit, as the search took place in February 2002; he was indicted on October 9, 2002; he was arraigned on February 14, 2003; and he proceeded to a jury trial on October 14-16, 2003. All of these events occurred more than two years before the Plaintiff filed his present complaint.

[3] As an additional matter, the Privacy Act permits suits against "any agency," and the Plaintiff has not sued an agency. Instead, the Plaintiff has sued two individuals who work at the Berkeley County Office Building at 1003 Highway 52 in Moncks Corner, South Carolina.

Moreover, as the Magistrate Judge points out in footnote 3 of his R&R, the Plaintiff takes a position in this suit contrary to the position taken by him and his attorneys in his criminal case and on his direct appeal. The opinion from the Fourth Circuit Court of Appeals reveals that the Plaintiff contended, at both the district court and on appeal, that he did not live at 130 Deep Creek Trail. If the Plaintiff in fact did not live at 130 Deep Creek Trail in February of 2002, then he does not have standing now to challenge Files' request for information about 130 Deep Creek Trail.

5

See 28 U.S.C. § 1915(e)(2) and (g). Several courts have held that a dismissal under Heck constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g). Additionally, courts have dismissed as frivolous § 1983 complaints when the claims are clearly barred by the statute of limitations, as is the case with the Plaintiff's Privacy Act claim.

## CONCLUSION

Based on the foregoing, the Court adopts the R&R to the extent that it is consistent with this Order, and it is

ORDERED that the Plaintiff's § 1983 complaint is dismissed without prejudice and without issuance and service of process. It is further ORDERED that the Plaintiff's motion to amend his complaint is denied, and this case is deemed a "strike" for purposes of the "three strikes rule" under 28 U.S.C. § 1915(e)(2) and (g).

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

July 25, 2007
Charleston, South Carolina